UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MEIJUAN CHEN,

        Plaintiff,

  v.                                        CAUSE NO. 3:22-CV-774 DRL-MGG

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

        Defendant.

OPINION AND ORDER

        On September 14, 2022, Meijuan Chen filed a complaint against the United States Citizenship and Immigration Services (USCIS) alleging that the agency has failed to timely process her husband's and two children's I-730 Refugee/Asylee Relative Petitions. She seeks mandamus to compel the USCIS to adjudicate the petitions. *See* 28 U.S.C. § 1361. On February 16, 2023, the USCIS moved partially to dismiss the complaint under Rule 12(b)(1) as it relates to the husband's petition. Without a response by March 9, 2023, the court may rule summarily. *See* N.D. Ind. L.R. 7-1(d)(5).

        Rule 12(b)(1) concerns the court's subject matter jurisdiction. A motion under this rule "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all reasonable inferences in favor of the plaintiff. *See id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). On the other hand, the law doesn't treat the complaint's allegations as true in a factual attack. *See Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Id.* The plaintiff bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

The USCIS moves to dismiss the complaint as it relates to Ms. Chen's husband. The agency says his petition has been adjudicated. This motion targets the factual underpinnings of the complaint, so the court may consider outside evidence. *See Bazile*, 983 F.3d at 279. The USCIS attached a declaration from Katherine L. Edgar, its Supervisory Immigration Services Officer. She reviewed Mr. Chen's petition and saw that it was approved on November 14, 2022 (after the complaint was filed). The USCIS argues that there remains no controversy to decide as it relates to Mr. Chen's petition.

"Under Article III of the Constitution, as interpreted by the courts, cases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Fed'n. of Advert. Indus. Representatives, Inc. v. City of Chi.*, 326 F.3d 924, 929 (7th Cir. 2003); *see also Chi. Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 814 (7th Cir. 2018) (mootness is a jurisdictional issue under Rule 12(b)(1)); *Qureshi v. Gonzalez*, 442 F.3d 985, 988 (7th Cir. 2006) (dismissing a case because the USCIS adjudicated the petition while on appeal). Ms. Chen has not explained why her husband's petition, now approved, presents an actual controversy to establish subject matter jurisdiction over that claim.

Because there is no controversy to decide, and indeed because the dispute has become moot, the court GRANTS the USCIS's motion for partial dismissal [ECF 10] and DISMISSES Ms. Chen's complaint only as it relates to her husband and his petition with the agency.

SO ORDERED.

March 23, 2023                             *s/ Damon R. Leichty*
                                            Judge, United States District Court